## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MARYLAND

LAWRENCE N. LEWIS,             \*

Plaintiff                 \*

v                         \*          Civil Action No. RDB-18-3156

ANNE ARUNDEL COUNTY POLICE, *et al.*,  \*

Defendants            \*

                         \*\*\*

### MEMORANDUM OPINION

Self-represented Plaintiff Lawrence Lewis filed the above-captioned civil rights action against Defendants Anne Arundel County Police and Det. Benner. Plaintiff challenges the force Benner employed against him prior to and after arrest. ECF No. 1 at 5-6. Defendants filed a Motion to Dismiss, ECF No. 8, and Plaintiff filed a Response in Opposition, ECF No. 10.

The matter is now ripe for review. I find a hearing in this matter unnecessary. *See* Local Rule 105.6. For the reasons that follow, Defendants' Motion to Dismiss is GRANTED as to Defendant Anne Arundel County Police and DENIED as to Defendant Benner.

### BACKGROUND

On July 19, 2017, Plaintiff was a passenger in a car that was stopped by Anne Arundel County police officers for failing to come to a complete stop at a stop sign and failing to use a turn signal. ECF No. 1 at 5. After the driver and another passenger were removed from the car, Detective Benner approached Plaintiff and asked if he "had anything on [him]." *Id.* Plaintiff informed Benner that he had "some money in a Crown Royal bag in [the] waist band" of the basketball shorts Plaintiff was wearing, and Plaintiff handed the bag to Benner. *Id.* Benner then asked why Plaintiff's right leg was shaking, and Plaintiff explained that he had nerve damage in his leg stemming from an old gunshot injury. *Id.*

Plaintiff explains that, after this conversation,

Det. Benner began to pat me down in what I considered to be a proper manner, I assumed checking for contraband, as he never explained what he was looking for. However the search quickly took a troubling, uncomfortable, and quite scary change for the worse when Det. Benner attempted to aggressively insert his fingers between the cheeks of my butt. I immediately felt physically violated in a sexual manner, I was not only disturbed by this behavior, but also frightened. Instinctively I tensed and squeezed my cheeks together in an attempt to prevent any intentional or unintentional penetration.

Det. Benner began asking why I was tensing up and I exclaimed that it was because he was putting his fingers, "in my ass". He ignored my statement and continued to "search" that area of my person, while continuously telling me to "loosen up". All this was happening in the wide open, in plain view of any and all persons who happened by. I became more frightened, wondering how long, and how far this would go. As I stated earlier, I was wearing a pair of loose fitting basketball shorts—clearly an article of clothing unable to conceal any dangerous items, or objects of considerable size. . . .

After what seemed like too long of a time for this "search", Det. Benner hand cuffed me and walked me to his cruiser. He opened the passenger front door and lead [sic] me facing the interior of the car. He placed his hand on my back with enough pressure to bend me slightly at the waist, and with no warning took his free hand and pulled my shorts down far enough to expose my bare butt. To say that I became even more frightened would be an understatement. Again, this was done in the wide open, in plain view of any and all persons present, or who would happen by.

I was p[l]aced in the front seat of the cruiser while Det. Benner drove and Det. Rohe #1807 rode in the rear seat. I still had not been told if, or why I was under arrest. So I asked why, and was told by Det. Benner I was being arrested, "for a crack pipe". At no time was a "crack pipe" found in my possession—even during the unnecessary and violating "search".

During the ride I attempted to adjust my position in the seat-because of my large size the hand cuffs were quite painful and were digging into my wrists. While adjusting my position to try and alleviate some of the pain, without warning, and quite suddenly, Det. Benner, while still driving, reached over, grabbed me by the throat, and slammed my head into the passenger window.

*Id.* at 5-6 (paragraph numbers omitted).

Defendants have moved to dismiss, arguing that the Court lacks subject matter jurisdiction

over Plaintiff's claims, that Defendant Anne Arundel County Police is not an entity that can be

2

sued, that the Complaint was filed outside the statute of limitations, and that Defendant Benner is entitled to immunity. ECF No. 8.

## STANDARD OF REVIEW

In reviewing the complaint in light of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).

The Supreme Court of the United States explained a "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets omitted). Nonetheless, the complaint does not need "detailed factual allegations" to survive a motion to dismiss. *Id.* at 555. Instead, "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 563. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[P]leadings should not be scrutinized with such technical nicety that a meritorious claim should be defeated, and even if the claim is insufficient in substance, it may be amended to achieve justice." *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

This Court is mindful of its obligation to liberally construe the pleadings of pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim, *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990), or "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). In making this determination, "[t]he district court . . . must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F. 2d 721, 722-723 (4th Cir. 1989).

## DISCUSSION

### A. Jurisdiction/Nature of Claim

Defendants argue that this Court lacks subject matter jurisdiction over the action because Plaintiff does not present a federal question and the parties are citizens of the same state. ECF No. 8-1 at 3-4; *see* 28 U.S.C. §§ 1331, 1332. Specifically, as to the issue of a federal question, Defendants argue that

> In the instant case, Mr. Lewis brings state law claims of assault. . . . Nowhere in the Complaint does he assert a federal claim under 42 U.S.C. § 1983 or any other federal statute. He does not allege that his constitutional rights were violated, nor does he assert any other federal question. Even his civil cover sheet indicates his

claim is one for simple assault and not for a violation of civil rights.

ECF No. 8-1 at 4.

While it is true that Plaintiff did not expressly state that he was making claim under § 1983, he has pled facts indicating a constitutional claim. Plaintiff alleges that he was physically struck and inappropriately searched by a police officer, someone acting under color of state law. Moreover, Plaintiff filed this complaint on a form for § 1983 complaints rather than a form for general civil complaints. *See* ECF No. 1 at 1-3 (bottom left corner of each page indicates that the document was "Instructions & Form 1983"). Accordingly, because of Plaintiff's pro se status and the nature of the factual allegations in the Complaint, the Court will reject Defendants' jurisdictional argument.

## B. Defendant Anne Arundel County Police

Defendant Anne Arundel County Police argues that it is entitled to dismissal because it is not an entity capable of being sued. ECF No. 8-1 at 6-7. Specifically, counsel argues that the police department is not a separate entity within the municipality of Anne Arundel County, Maryland. *Id.* The Court agrees with and adopts the argument of counsel on this point. *Id.*

In view of Plaintiff's pro se status, the Court has also considered whether Plaintiff would have stated a claim had he named the appropriate municipal entity as Defendant instead. *See Gordon*, 574 F.2d at 1151. The Court concludes that even if Plaintiff had named the proper entity, he has not alleged any facts concerning the entity's involvement. A local government such as a county "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Section 1983 plaintiffs seeking to impose liability on a municipality must, therefore, adequately plead and prove the existence of an official policy or custom that is fairly attributable to the municipality and that proximately caused

5

the deprivation of their rights." *Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

Plaintiff's Complaint and Response are utterly devoid of reference to the entity or a policy at large. ECF No. 1 at 5-6. In his Response in Opposition, Plaintiff states in a wholly conclusory fashion that he named the entity Defendant "because they train and oversee what they do." ECF No. 10 at 2. However, he fails to even allege that Benner's actions were consistent with or pursuant to entity training or policy, rather than an isolated incident at the hands of an individual officer. Therefore Defendant Anne Arundel County Police shall be dismissed.

## C. Statute of Limitations

There is no federal statute of limitations for actions under § 1983, and it is well-settled that the limitations period for § 1983 claims is to be determined by the analogous state law statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 49 (1984). Benner argues that Plaintiff's claim is barred by the statute of limitations because it was filed outside the one-year limitations period applicable to assault claims in Maryland. ECF No. 8-1 at 5-6. The Court rejects this argument. Despite Plaintiff's own usage of the phrase "physical and sexual assault," the actions that Plaintiff describes are more accurately described under Maryland law as an alleged "battery," given that Plaintiff states that Benner physically applied force against his person (both in the alleged inappropriate touching during the search and in choking him after arrest). *See Lamb v. State*, 93 Md. App. 422, 427-50 (Md. Ct. Spec. App. 1992) (detailing the relationship and distinctions between assault and battery).[1] As the Court of Special Appeals has explained, the offense of battery is "subject to the general statute of limitations" of

---

[1] Given Plaintiff's pro se status, the fact that "[e]ven lawyers struggle to distinguish between assaults and batteries," *Sanders v. Callender*, 2018 WL 337756, at *11 n.7 (D. Md. Jan. 9, 2018) (citing *Lamb*), the imprecise use of the word "assault" in colloquial terms (*i.e.*, often describing actions that would satisfy the legal definition of a battery), and the procedural posture of this case, the Court will not fault Plaintiff for using the term assault here, where his factual allegations clearly amount to a battery.

three years, rather than falling under the specific limitations period for "assault, libel, or slander."

*Ford v. Douglas*, 144 Md. App. 620, 623-25 (Md. Ct. Spec. App. 2002). Thus, the Court concludes

that the applicable limitations period for Plaintiff's claim is three years, meaning that this action

is not time-barred.

## D. Benner & Immunity

Benner argues that he is entitled to qualified immunity from Plaintiff's claims. ECF No.

8-1 at 5. "Qualified immunity balances two important interests—the need to hold public officials

accountable when they exercise power irresponsibly and the need to shield officials from

harassment, distraction, and liability when they perform their duties reasonably." *Pearson v.*

*Callahan*, 555 U.S. 223, 231 (2009). "In particular, . . . . qualified immunity protects law officers

from 'bad guesses in gray areas' and it ensures that they may be held personally liable only 'for

transgressing bright lines.'" *Gomez v. Atkins*, 296 F.3d 253, 261 (4th Cir. 2002) (quoting

*Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992)). Qualified immunity is a defense from

suit, not simply liability, which is lost if a matter is improperly permitted to go to trial. *See Mitchell*

*v. Forsyth*, 472 U.S. 511, 526 (1985). Resolution of whether an official is entitled to qualified

immunity must be determined "at the earliest possible stage in litigation." *Hunter v. Bryant*, 502

U.S. 224, 227 (1991).

In order to determine if a public official is entitled to the protections afforded by qualified

immunity, two inquiries must be addressed by this Court. The first prong is whether "[t]aken in

the light most favorable to the party asserting the injury, . . . the facts alleged show [that] the

officer's conduct violated a constitutional right[.]" *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If

the evidence establishes a violation of a constitutional right, the second prong is to assess whether

the right was "clearly established" at the time of the events at issue. *Id.* If the right was not clearly

established, the qualified immunity doctrine shields a defendant officer from liability. The "answer to both *Saucier* questions must be in the affirmative in order for a plaintiff to defeat a . . . motion for summary judgment on qualified immunity grounds." *Henry v. Purnell*, 501 F.3d 374, 377-78 (4th Cir. 2007) (citing *Batten v. Gomez*, 324 F.3d 288, 293-94 (4th Cir. 2003)). "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." *Dist. of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (internal quotation marks omitted).[2]

Thus, taken in the light most favorable to Plaintiff, he was a passenger in a car that was lawfully stopped by Benner for a traffic violation. He got out of the car and Benner began to pat him down for no stated or discernable reason,[3] though Plaintiff states that he suspected Benner was looking for contraband. ECF No. 1 at 5. Plaintiff alleges that the patdown was far more intrusive than necessary to determine whether weapons were present. *Id.* In particular, Plaintiff alleges that it was excessive to digitally probe his anus over his clothing because he "was wearing a pair of loose fitting basketball shorts—clearly an article of clothing unable to conceal any dangerous items or objects of considerable size." *Id.* The Court concludes Benner is not entitled to qualified immunity under these facts. Benner conducted the search without a warrant or any apparent reason to believe that Plaintiff was engaged in criminal activity. While Benner was legally permitted to conduct a *Terry*[4] patdown search of a passenger of a car lawfully stopped for a traffic violation if Benner "harbor[ed] reasonable suspicion that [Plaintiff] is armed and

---

[2] Benner claims statutory public official immunity under Md. Code Ann., Ct. & Jud. Proc. §5-507. However, because the Court is construing Plaintiff's claim as one under § 1983, rather than a state tort claim the Court will not analyze this state statute.

[3] Benner's Motion to Dismiss would seem to suggest that Benner found a crack pipe before beginning this search and perhaps believed Plaintiff to be in possession of drugs. However, for purposes of the qualified immunity analysis, it is Plaintiff's version of events that controls.

[4] *Terry v. Ohio*, 392 U.S. 1 (1968).

dangerous," *Arizona v. Johnson*, 555 U.S. 323, 327 (2009), there is no indication that this was the case. In any event, Plaintiff alleges the patdown was far more invasive than necessary to determine whether he was armed or not.

As to the allegation that Benner choked Plaintiff and slammed his head against the window of the police car without warning while Plaintiff's hands were cuffed behind his back merely because Plaintiff fidgeted in his seat, this is certainly an unnecessary and unconstitutional use of force. Under Plaintiff's version of events, he merely tried to adjust his position to relieve the pain of the handcuffs; he did not act in any way to threaten Benner.[5] Accordingly, Benner is not entitled to qualified immunity.

## E. *Heck v. Humphrey*

Benner does not expressly argue that Plaintiff's complaint should be dismissed without prejudice under *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the Supreme Court held that

> in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. . . . But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-87. However, the issue of *Heck* is hinted at in Benner's Reply, which notes that the state trial court conducted a suppression hearing regarding the search and "ruled that the

---

[5] As with the search claim, it is possible that Benner could come forward with evidence to suggest that events did not play out as Plaintiff alleges because, for example, Plaintiff's movements reasonably indicated that Plaintiff posed an immediate physical threat to Benner. However, for purposes of the qualified immunity analysis, particularly at the motion to dismiss stage, the Court cannot credit this possibility.

search was entirely reasonable." ECF No. 11 at 2-3. Benner goes on to note that the ruling on the suppression hearing "in fact lead to the criminal conviction" of Plaintiff. *Id.* Depending on the content of the hearing, it is possible that a claim related to the invasive search of Plaintiff's person would be barred by *Heck*, but the Court is unable to determine with certainty based on the information before the Court. If applicable, Benner can present additional information about *Heck* and the suppression hearing at a later date.

In any event, even if the claim regarding the search itself is ultimately *Heck*-barred based on the content of the suppression hearing, it is clear that Plaintiff's assertion that Benner "grabbed me by the throat, and slammed my head into the passenger window" (ECF No. 1 at 6) would not be *Heck*-barred, since this incident does not relate to the validity or reasonableness of the earlier search or otherwise have any bearing the underlying criminal charges.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be granted as to Defendant Anne Arundel County Police and denied as to Defendant Benner. Benner is instructed to file an Answer or a renewed dispositive motion.

A separate Order follows.

MAY 30, 2019
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE